UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS MORRISON,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

Case No. C22-5663-RAJ-MLP

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Marcus Morrison is a state prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 Clark County Superior Court judgment and sentence. (*See* dkt. # 10.) Respondent has filed an answer to Petitioner's petition together with relevant portions of the state court record. (Dkt. ## 13-14, 14-1.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* Dkt. # 13.) Petitioner has not filed a response to Respondent's answer. This Court, having reviewed Petitioner's petition, Respondent's answer, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

On June 27, 2014, Petitioner was found guilty, following a jury trial, on two counts of attempted murder in the first degree, one of which included a domestic violence designation. (Dkt. # 14-1, Ex. 1 at 1.) On July 25, 2014, Petitioner was sentenced to a total term of 558 months confinement, which included terms of 294 months on the attempted murder in the first-degree domestic violence charge, and 264 months confinement on the other attempted murder in the first-degree charge. (*Id*., Ex. 1 at 4.) Each of those terms included a 24-month deadly weapon enhancement, and the terms were ordered to run consecutively. (*See id*.)

Petitioner appealed his convictions to the Washington Court of Appeals, Division II. (*See* dkt. # 14-1, Exs. 2-4.) On August 19, 2015, the Court of Appeals Commissioner issued a ruling affirming Petitioner's judgment and sentence. (*Id*., Ex. 2.) Petitioner moved to modify the Commissioner's ruling, and the Chief Judge of the Court of Appeals issued an order denying that motion on January 22, 2016. (*Id*., Exs. 5-6.) Petitioner next filed a petition for review in the Washington Supreme Court, and the Supreme Court denied review without comment on December 7, 2016. (*Id*., Exs. 7-8.) On December 13, 2016, the Clerk of the Court of Appeals issued a mandate terminating direct review. (*Id*., Ex. 9.)

On November 26, 2019, Petitioner filed a personal restraint petition in the Washington Court of Appeals. (*See* dkt. # 14-1, Exs. 10-12.) The acting chief judge of the Court of Appeals issued an order dismissing the petition as untimely on September 21, 2020, and the Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceedings on November 25, 2020. (*Id*., Ex. 13.)

REPORT AND RECOMMENDATION
PAGE - 2

Petitioner signed his federal habeas petition on August 25, 2022, and the petition was received by the Court for filing on September 7, 2022. (*See* dkt. # 1.) This matter is now ripe for review.

### III.   DISCUSSION

#### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court denied Petitioner's petition for review on direct appeal on December 7, 2016. (Dkt. # 14-1, Ex. 8.) Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately March 7, 2017, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because Petitioner apparently did not file a petition for writ of certiorari, his conviction became final on or about March 7, 2017. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run the following day and expired one year later on or about March 8, 2018. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). A petition denied by the state court as untimely

REPORT AND RECOMMENDATION
PAGE - 3

under state law is not "properly filed" for purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (filing of untimely state court application for collateral review does not toll the statute of limitations for filing a federal habeas petition under 22 U.S.C. 2244(d)(2)). Furthermore, once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Though Petitioner filed a personal restraint petition in the state courts relating to the judgment and sentence challenged in this action, the state courts dismissed the petition as untimely and, thus, the petition was not "properly filed" for purposes of § 2244(d)(1). The Court notes as well that Petitioner did not file his state petition for collateral review until November 26, 2019, over a year and a half after the federal statute of limitations expired. For these reasons, Petitioner's personal restraint petition did not act to toll the limitations period.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065. In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Here, Petitioner presents no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that Petitioner has met the requirements for the application of equitable tolling.

Because Petitioner filed his petition outside the § 2254 statute of limitations period, and because Petitioner has not demonstrated that he is entitled to any tolling of the limitations period, Petitioner's petition is time-barred and must therefore be dismissed.

### B.     Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.     CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 3, 2023**.

DATED this 11th day of January, 2023.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge